O JS-6

cc: order, docket, remand
letter to Los Angeles Superior
Court, No. BC 468642

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| SANTOS GARCIA, an individual, <br><br> Plaintiff, <br><br> v. <br><br> COSTCO WHOLESALE CORPORATION, a Washington Corporation, COSTCO WHOLESALE MEMBERSHIP, INC., a California Corporation, CARLOS ARELLANO, an individual, and DOES 1 through 10, inclusive <br><br> Defendants. | CASE NO. CV 11-8653 ODW (PLAx) <br><br> ORDER GRANTING PLAINTIFF'S MOTION TO REMAND [8] |

## I.  INTRODUCTION

Currently before the Court is Plaintiff, Santos Garcia's ("Plaintiff"), Motion to Remand. (Dkt. No. 8.)  After careful consideration, the Court deems the matter appropriate for decision without oral argument. *See* Fed. R. Civ. P. 78 ("Rule ___"); L.R. 7-15. For the following reasons, the Court **GRANTS** Plaintiff's Motion.

## II. FACTUAL BACKGROUND

Plaintiff was employed as an opening baker at Costco Wholesale Corporation's Marina Del Rey, California location. During the course of his employment, Plaintiff alleges to have been discriminated against and on April 2, 2010 wrongfully terminated. On April 1, 2011, based on the alleged discrimination and ultimate termination, Plaintiff instituted this action in state court against Costco Wholesale Corporation, Costco Wholesale Membership, Inc., and Carlos Arellano ("Arellano" and collectively, "Defendants") alleging: (1) Wrongful Termination; (2) Discrimination based on Age; (3) Violation of Public Policy; (4) Violation of California Labor Code §§ 1198 & 203; (5) Failure to Pay Overtime Compensation; and (6) Negligence. Subsequently, the case was removed to this Court on October 19, 2011. (Dkt. No. 1.) Plaintiff now moves for an order of remand, arguing that the Court lacks subject matter jurisdiction because complete diversity is lacking.

## III. DISCUSSION

Federal courts are courts of limited jurisdiction, having subject matter jurisdiction only over matters authorized by the Constitution and Congress. *See, e.g., Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). A suit filed in state court may be removed to federal court if the federal court would have had original jurisdiction over the suit. 28 U.S.C. § 1441(a). A removed action must be remanded to state court if the federal court lacks subject matter jurisdiction. 28 U.S.C. § 1447(c). "The burden of establishing federal jurisdiction is on the party seeking removal, and the removal statute is strictly construed against removal jurisdiction." *Prize Frize, Inc. v. Matrix (U.S.) Inc.*, 167 F.3d 1261, 1265 (9th Cir. 1999), *superseded by statute on other grounds as stated in Abrego v. Dow Chem*. Co., 443 F.3d 676, 681 (9th Cir. 2006).

Accordingly, pursuant to 28 U.S.C. § 1441(a), "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending." Section

1332(a), in turn, provides that "the district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000.00, exclusive of interest and costs," and is between parties with diverse citizenship. 28 U.S.C. § 1332(a).

Despite the presence of a non-diverse defendant, removal may be proper where that defendant is a fraudulently joined or sham defendant. *See Caterpillar, Inc. v. Lewis*, 519 U.S. 61, 68 (1996). In the Ninth Circuit, a non-diverse defendant is deemed a sham defendant if, after all disputed questions of fact and all ambiguities in the controlling state law are resolved in the plaintiff's favor, the plaintiff could not possibly recover against the party whose joinder is questioned. *Kruso v. Int'l Tel. & Tel. Corp.*, 872 F.2d 1416, 1426 (9th Cir. 1989). The failure to state a claim against the non-diverse defendant must be "obvious according to the well-settled rules of the state." *United Computer Sys. v. AT & T Corp.*, 298 F.3d 756, 761 (9th Cir. 2002).

In this case, Defendants have failed to meet their burden of establishing that Arellano, a California resident, is a sham defendant. Particularly, Defendants do not argue that Plaintiff is legally barred from stating the alleged claims against Arellano. Rather, assert that Plaintiff "does not contend that Mr. Arellano was his employer, only his manager." (Opp'n at 7.) This limited argument as to Arellano, however, does not show, for example, that Arellano cannot be liable on any theory Plaintiff sets forth in his Complaint. *See Ritchey v. Upjohn Drug Co.*, 139 F.3d 1313, 1318 (9th Cir. 1998) ("For example, a defendant must have the opportunity to show that the individuals joined in the action cannot be liable on any theory.") *Id*.

Likewise, contrary to Defendants' contention, the fact that Arellano was a manager or supervisor does not insulate Defendants from Plaintiff's claims. At least with respect to Plaintiff's wrongful termination claim, the California Court of Appeal has held that "as to supervisors, . . . the language of [the California Fair Employment and Housing Act ("FEHA")] is unambiguous in imposing personal liability for harassment or retaliation in violation of FEHA." *Page v. Superior Court of Sacramento Cnty.*, 31 Cal. App.

4th 1206, 1212 (Ct. App. 1995). While inartfully pled, Plaintiff alleges that he was retaliated against and ultimately terminated. (*See* Compl. ¶ 49.) Thus, Defendants fail to show that "there is no possibility that [P]laintiff could prevail on any cause of action it brought against the non-diverse defendant." *Id*. at *1. Accordingly, remand is proper in this case because Defendants have not established that Arellano is a sham defendant. *See Alderman v. Pitney Bowes Mgmt. Servs*., 191 F Supp. 2d 1113, 1116 (N.D. Cal. 2002) (citing *Lewis v. Time, Inc*., 83 F.R.D. 455, 460 (E.D. Cal. 1979)) ("[D]oubt arising from merely inartful, ambiguous, or technically defective pleadings should be resolved in favor of remand.").

In addition, Plaintiff seeks attorney's fees in conjunction with the preparation of this Motion. (Mot. at 14-16.) In granting a motion for remand, the district court may order the defendant to pay plaintiff its "just costs and any actual expenses, including attorney's fees, incurred as a result of the removal." 28 U.S.C. § 1447(c). The decision to award attorney fees lies within the trial court's discretion, and does not require a showing that removal was in bad faith. *Moore v. Permanente Medical Group, Inc*., 981 F.2d 443, 446 (9th Cir. 1992). Although Defendants failed to meet the requisite showing for removal, the Court finds that Plaintiff is not entitled to attorney's fees in this case. In light of Plaintiff's inartful pleading, among other things, Defendants did not lack "an objectively reasonable basis" for removing the action. *See Martin v. Franklin Cap. Corp*., 546 U.S. 132, 136-37 (2005). The parties shall bear their respective fees and costs.

## IV.  CONCLUSION

For the foregoing reasons, the Court **GRANTS** Plaintiff's Motion to Remand. The case shall be remanded back to Los Angeles County Superior Court. The Clerk of Court shall close this case.  IT IS SO ORDERED.

December 15, 2011

_____
HON. OTIS D. WRIGHT, II
UNITED STATES DISTRICT JUDGE